UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HERBERT JOHNSON | CIVIL ACTION |
| VERSUS | NO. 25-144 |
| STARR INDEMNITY & LIABILITY COMPANY, ET AL. | SECTION: "I" (3) |

### ORDER AND REASONS

Before the Court is a Motion for Leave to File an Amended Petition for Damages (R. Doc. 18) filed by Plaintiff, Herbert Johnson. Defendants RaceTrac, Inc. ("RaceTrac") and Starr Indemnity & Liability Company ("Starr") ("Defendants"),[1] oppose the motion. For the following reasons, the motion is denied.

### I.  Background

Plaintiff alleges the following facts. On September 23, 2023, Plaintiff was shopping at a RaceTrac store when he slipped and fell.[2] An unknown liquid on the floor caused the fall.[3] On July 29, 2024, Plaintiff filed a state-court lawsuit against RaceTrac, RaceTrac Petroleum, Inc., Starr, and a fictious named defendant "John Smith," who was alleged to be a store manager.[4] The original petition raises only conclusory allegations relative to John Smith's liability.[5]

---

[1] Defendant RaceTrac Petroleum Inc. has not filed an opposition to the motion to amend. Unless otherwise noted, the use of "Defendants" herein refers only to RaceTrac and Starr.
[2] R. Doc. 3-2, ¶ 3.
[3] *Id.* ¶ 4.
[4] *Id.* ¶ 1.
[5] *E.g., id.* ¶ 8 (alleging that John Smith "knew or in the exercise of reasonable care, should have known of the liquid substance on the floor . . . .").

Defendants filed a notice of removal on January 22, 2025, based on diversity of citizenship jurisdiction.[6] With the parties' consent, the fictitious named defendant "John Smith" was dismissed on May 12, 2025.[7]

On June 2, 2025, Defendants provided initial disclosures identifying three employees who worked at the store on the date of Plaintiff's fall: (1) co-manager Shyanne Vidal, (2) associate Deshawnia Tircuit, and (3) associate Kendyl O'Donnel.[8] Two days later, Plaintiff moved to amend his lawsuit to name RaceTrac associate Tircuit and alleged co-manager Sheena Brown, both of whom are Louisiana citizens, as defendants.[9]

## II. Analysis

Rule 15(a) of the Federal Rules of Civil Procedure provides a bias in favor of granting leave to amend pleadings such that granting "shall be freely given when justice so requires." When amendment would destroy subject matter jurisdiction, however, 28 U.S.C. § 1447(e) applies. Section 1447(e) states: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Courts exercising discretion under § 1447(e) must more

---

[6] R. Doc. 3.
[7] R. Doc. 8.
[8] R. Doc. 19-1 at 2.
[9] R. Docs. 18, 19. Defendants note that their initial disclosures did not name Sheena Brown because she was not working at the time of the accident. R. Doc. 19 at 9. The Court need not reach that factual dispute at this stage.

closely "scrutinize" amendment than they would under Rule 15(a) and Rule 20. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

In *Hensgens*, the Fifth Circuit provided a nonexclusive list of relevant factors for courts to consider when exercising that discretion:

> In this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining the federal forum with the competing interests of not having parallel lawsuits. For example, the court should consider [: 1] the extent to which the purpose of the amendment is to defeat federal jurisdiction, [2] whether plaintiff has been dilatory in asking for amendment, [3] whether plaintiff will be significantly injured if amendment is not allowed, and [4] any other factors bearing on the equities. The district court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted. If it permits the amendment of the nondiverse defendant, it then must remand to the state court. If the amendment is not allowed, the federal court maintains jurisdiction.

*Id*. Almost all factors and the equities weigh against allowing Plaintiff to amend his lawsuit to add non-diverse employees as defendants.

The first factor weighs against amendment because the proposed claims against the individual employees are not viable. Case law confirms that the principal purpose of amendment may be the destruction of diversity jurisdiction when the plaintiff states no "valid claim against" the proposed new defendants. *Wells v. Medtronic, Inc.,* 171 F. Supp. 3d 493, 506 (E.D. La. 2016) (quoting *Herzog v. Johns Manville Prods. Corp.*, No. 02-1110, 2002 WL 31556352, at *2 (E.D. La. Nov. 15, 2002)); *see also Tillman v. CSX Transp., Inc.,* 929 F.2d 1023, 1029 (5th Cir. 1991). For the reasons below, Plaintiff's proposed amended complaint does not state a valid claim against Brown nor Tircuit.

"Under Louisiana law, an employee is personally liable if (1) the employer owes a duty of care to a third person; (2) the employer delegated that duty to a defendant-employee; (3) and the defendant-employee breached the duty through his own fault and lack of ordinary care." *Moore v. Manns*, 732 F.3d 454, 456–57 (5th Cir. 2013) (citations omitted). An employee's "general administrative responsibility," however, is insufficient to impose personal liability. *See id.* at 457 (quotation omitted). Thus, the allegation that an employee had a general responsibility to oversee safety—rather than evidence of personal fault—is insufficient to impose liability. *See id.*

Plaintiff's proposed allegations against the employees are too generalized and conclusory to support a claim under Louisiana law. Plaintiff alleges, for example, that the employees knew or should have known of the liquid on the floor and failed to clean it.[10] The absence of specific allegations as to individualized fault is fatal to these claims.[11] Because Plaintiff does "not offer any facts in [his] original petition or subsequent pleadings to support the conclusion that" the proposed defendants would be personally liable, he has "not shown a valid reason to join [the new defendants] in

---

[10] R. Doc. 18-3, ¶¶ 7-8.
[11] *See Herrington v. DG Louisiana*, No. 22-1034, 2022 WL 2237137, at *3 (E.D. La. June 22, 2022) (concluding that an allegation that a defendant "had actual and/or constructive knowledge of the substance on the floor and was on notice of the spilled dishwashing liquid" was too "conclusory and vague to amount to a sufficient allegation of [] personal knowledge") (quoting *Giles v. Wal-Mart Louisiana, LLC*, No. 16-2413, 2016 WL 2825778, at *4 (E.D. La. May 13, 2016)); *see also McIntosh v. Costco Wholesale Corp.*, No. 18-9825, 2019 WL 3306532, at *3 (E.D. La. July 23, 2019) (alleging that employees "fail[ed] to clean up liquid substance(s) known to be on the floor" and "failed to immediately remedy any unreasonable [*sic*] dangerous condition in aisle or floors" implicated a mere "general administrative responsibility" rather than personal knowledge).

this action." *See Landry v. Circle K Stores, Inc.*, No. 16-15705, 2017 WL 3065105, at *2 (E.D. La. July 19, 2017).

Finally, Plaintiff has submitted an affidavit averring that an unnamed manager approached him when he fell and stated, "it's a crying shame that someone has to get hurt before they will listen to me . . . ."[12] The affidavit does not help the motion. Rarely, courts will pierce the pleadings to determine whether the proposed new claim is viable under *Hensgens*. *See Wells*, 171 F. Supp. 3d at 506. These cases, however, involve unusual instances in which a plaintiff's claim would survive under Rule 12(b)(6) yet still fail for some other clear extrinsic reason (*e.g.*, the complaint leaves out a dispositive and undisputed fact). *See id.* ("Second, in rare cases, *if* a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder...the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.") (emphasis added); *see also Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004).[13] Here, the proposed amended complaint fails under Rule 12(b)(6) as an initial matter.[14] Thus, the first *Hensgens* factor weighs against allowing amendment. *See also Allen v. Walmart*

---

[12] *See* R. Doc. 18-1 (characterizing R. Doc. 18-14 (affidavit)).
[13] *Smallwood* involved improper joinder, which is different in certain respects from the *Hensgens* analysis. Both approaches, however, consider the viability of the claim against the non-diverse defendant. *See also Ward v. Raiser, LLC*, No. 23-5503, 2024 WL 1435150, at *3 n.18 (E.D. La. Apr. 3, 2024).
[14] Moreover, the allegations in the affidavit are not linked to either of the proposed named defendants. Defendants noted this point in their opposition memorandum. Plaintiff did not file any reply or otherwise attempt to supply a factual connection.

*Stores, L.L.C.*, 907 F.3d 170, 186 (5th Cir. 2018) ("Additionally, [Plaintiff]'s continued failure to state a plausible claim would outweigh the other *Hensgens* factors.").

The second factor supports amendment. This case is still at an early stage. Plaintiff filed his motion a few days after receiving Defendants' initial disclosures.[15] Further, the motion was filed before the deadline for amendment of pleadings, and ample time remains for discovery.[16] These facts establish that Plaintiff was not dilatory. The third and fourth factors, however, counsel against allowing amendment.

With respect to the third factor, the record reflects that denying amendment will not significantly injure Plaintiff. "[T]he general approach in this District has been focused mostly on the inefficiency, waste of judicial resources, danger of inconsistent results, and cost to the Plaintiff that results from forcing the Plaintiffs to bring a separate suit on the valid claim." *Legeaux v. Borg-Warner Corp.*, No. 16-13773, 2016 WL 6069770, at *4 (E.D. La. Oct. 17, 2016) (citing *Schindler v. Charles Schwab Co.*, No. 05-0082, 2005 WL 1155862, at *4 (E.D. La. May 12, 2005)). As the Fifth Circuit has stated, "a plaintiff will not be 'significantly injured' by the denial of [leave to amend to assert] a clearly meritless claim." *Wilson v. Bruks-Klockner, Inc.*, 602 F.3d 363, 368 (5th Cir. 2010). Tircuit and Brown need not be named as defendants for Plaintiff to obtain relief from Defendants, and Plaintiff has not established viable claims against either employee. In the alternative, Plaintiff's potential recovery under a theory of vicarious liability mitigates against any prejudice. *See Ellsworth,*

---

[15] R. Docs. 18, 19 at 2-3.
[16] R. Doc. 15.

*LeBlanc & Ellsworth, Inc. v. Strategic Outsourcing, Inc.*, No. 03-0613, 2003 WL 21783304, at *3 (E.D. La. July 30, 2003); *see also Dupont v. Costco Wholesale Corp.*, No. 17-4469, 2017 WL 11508015, at *5 (E.D. La. Aug. 30, 2017). This factor thus weighs against permitting the amendment.

Finally, the equities do not favor permitting the amendment. Plaintiff will not be prejudiced by proceeding in federal court for the above reasons.

### III. Conclusion

For these reasons,

**IT IS ORDERED** that the Motion to Amend (R. Doc. 18) is **DENIED**.

New Orleans, Louisiana, this 26th day of June, 2025.

EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE